Dr. Stewart Lucas Murrey
11755 Wilshire Blvd. # 2140
Los Angeles, CA 90025
Tel.: 310-994-1711

Plaintiff & Plaintiff In Pro Per

FILED
Superior Court of California
County of Los Angeles

OCT 31 2018

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Stacey Watson

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA MONICA

DR. STEWART LUCAS MURREY, an individual;

    Plaintiff,

    vs.

CITY OF LOS ANGELES, a municipality; LOS ANGELES POLICE DEPARTMENT, a governmental entity; CITY OF CULVER CITY, a municipality; CULVER CITY POLICE DEPARTMENT, a governmental entity; B. Royer, an individual; Stevens, an individual; C. Halchishak, an individual, Andrews, an individual; Kerry Young, an individual; and DOES 1 through 50, inclusive;

    Defendants.

Case No. **18SMCV00141**

Dept. K

**UNLIMITED CIVIL, DEMAND FOR MORE THAN $25,000**

**COMPLAINT FOR DAMAGES FOR**

1) **FALSE IMPRISONMENT**
2) **CIVIL CONSPIRACY**
3) **FRAUD AND DECEIT – CIV. CODE §§ 1709-1710; 1534**
4) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
5) **INTENTIONAL INTERFERENCE TORTS WITH PROSPECTIVE ECONOMIC ADANTAGE**
6) **TORTIOUS INTERFERENCE WITH PROSPECTIVE CLIENTS**

Complaint Filed:
Honorable Judge:

## PARTIES

1.    Plaintiff is and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Los Angeles, County of Los Angeles, State of California. Plaintiff

- 1 -
COMPLAINT

**EXHIBIT 1 - PAGE 8**

has always enjoyed a very good reputation in both his personal and professional life and is respected in local and international communities.

    2.    At all times herein mentioned defendant CITY OF LOS ANGELES was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Los Angeles, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and officers. At all times mentioned herein the LOS ANGELES POLICE DEPARTMENT was and is a public entity under California law.

    3.    At all times herein mentioned defendant CITY OF CULVER CITY was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Los Angeles, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and officers. At all times mentioned herein the CULVER CITY POLICE DEPARTMENT was and is a public entity under California law.

    4.    DEFENDANT B. Royer (hereinafter referred to as DEFENDANT) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Los Angeles, County of Los Angeles, State of California.

    5.    DEFENDANT Stevens (hereinafter referred to as DEFENDANT) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Los Angeles, County of Los Angeles, State of California.

    6.    DEFENDANT C. Halchishak (hereinafter referred to as DEFENDANT) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Los Angeles, County of Los Angeles, State of California.

    7.    DEFENDANT Andrews (hereinafter referred to as DEFENDANT) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Los Angeles, County of Los Angeles, State of California.

    8.    DEFENDANT Kerry Young (hereinafter referred to as DEFENDANT) upon information and belief, is now, and at all times mentioned herein was, an individual, over the age of majority, residing in the City of Los Angeles, County of Los Angeles, State of California.

    9.    This court is the proper court for trial in this action in that the actions and omissions of Defendants as alleged herein were made within this Court's jurisdictional area.

    10.    Plaintiff is at this time aware of multiple, but not all of the true names or capacities, whether they are individuals, of DEFENDANT DOES 1 through 50, and therefore sues them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained.

    11.    At all times mentioned herein, Defendants, inclusive of DOES 1 through 50, were emboldened by the criminal acts of one other, and did so act, as agents conspiring with each other. Upon evidence, information and belief, Defendants and any such potential further accomplices are responsible in for the events described herein and are liable to Plaintiff for the damages they caused.

# I.
# GENERAL ALLEGATIONS

    12.    Plaintiff is a well-known and respected published scholar with a Ph.D from Yale University and who obtained his real estate license in 2016 with real business prospects based upon his good name and reputation.

- 2 -
COMPLAINT

EXHIBIT 1 - PAGE 9

13.     Plaintiff lost his now deceased significant other Sherrie Martinez from her tragic death from cancer on 10 March 2018.

14.     When Plaintiff's significant other passed away on 10 March 2018, Defendants conspired to falsely imprison, disappear vital legal documents and contracts and harm Plaintiff without probable cause for murder, forgery, etc. from the time immediately after Sherrie Martinez passed in March 2018 through April 2018 and until the present.

15.     Further, Defendants erratically "worked" i.e. conspired with one another and others to falsely imprison, disappear vital legal documents and contracts and harm Plaintiff for false accusations of murder and forgery to illegally influence legal contracts and pending court cases. Since Plaintiff has been cleared of this accusation by the District Attorney who reasonably rejected the case and is now seeking a factual finding of innocence, Defendants continued to harass and harm Plaintiff during his time of grief. Although the autopsy report, itself unnecessary and another form of harassment, is finished and has cleared Plaintiff of any possible suspicion, Defendants have still not communicated that they have stopped harassing him with their meritless, harassing investigations, much less acknowledged that he was falsely arrested. Finally, Defendants refused for a half year to return Plaintiff's property to him, in particular the notarized Will, Power of Attorney, Advanced Direction, copy of his Statement of Domestic Partnership with his significant other Sherrie Martinez, though he had repeatedly asked for these vital documents, to illegally influence a probate, interpleader and other civil unlimited cases.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS AND DOES 1-50
### (False Imprisonment)

16.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, above, as though fully set forth herein.

17.     Plaintiff is informed and believes that on 28 March 2018, approximately two weeks after his significant other, Sherrie Martinez, with whom he was living, tragically and suddenly passed from cancer Defendants had Plaintiff falsely arrested for forgery of her will without probable cause and while treating him falsely as a murder suspect.

18.     Plaintiff had to post bail to be let out of jail and received literally no information about why any of this was happening to him.

19.     The aforesaid false imprisonment has harmed Plaintiff's life and reputation; injured Plaintiff in their personal and professional relationships, occupation, their future business and employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm they have suffered, all to Plaintiff's general and actual and specific damages, including compensatory, speculative, exemplary, treble and punitive damages, as well as tortious interference with prospective relations, in an amount which far exceeds the jurisdictional minimum of this Court, and which will be proven at trial.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS AND DOES 1-50
### (Civil Conspiracy)

20.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19, above, as though fully set forth herein.

21.     Defendants entered into an understanding and conspired with one another to tortiously harm Plaintiff via their false imprisonment.

- 3 -
COMPLAINT

EXHIBIT 1 - PAGE 10

22.     In furtherance of the conspiracy Defendants fraudulently concealed from Plaintiff material facts regarding their actions that were introduced to deceive Plaintiff.

23.     Defendants should be held jointly and severally liable for the above caused of action on the basis of conspiracy because: All Defendants were members of a combination of two or more persons.

24.     The object of the combination of Defendants was to accomplish the unlawful purpose, that is, to falsely arrest, disappear vital legal documents and contracts and harm Plaintiff. Defendants had a meeting of the minds on the object course of action to "disappear" i.e. effectively murder Plaintiff.

25.     At least one Defendant (in fact, all of them) committed an unlawful, overt act to further the object or course of action.

26.     As a direct and proximate result of Defendants tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiff has suffered substantial damages and is entitled to the relief sought herein.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS AND DOES 1-50
### (Fraud and Deceit – Civil Code §§ 1709-1710; 1534)

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26, above, as though fully set forth herein.

28.     Defendants fraudulently represented Plaintiff contrary to his actual person, reputation and standing in the public eye as a scholar, real estate agent and caring companion to Sherrie Martinez.

29.     Defendants further intentionally deceived Plaintiff by hiding their true identities. This secrecy, in turn, neutralized Plaintiff's reasonable right to confront whoever was behind these accusations and question them in a reasonable public forum.

30.     Because these false accusations clearly name Plaintiff, the countless people who took an interest in Plaintiff for business and or personal reasons since March 2018 until the present reasonably understood that these fraudulent accusations referred to Plaintiff.

31.     Defendants made these deceitful and fraudulent representations with malice and with the intent to injure Plaintiff's good name and reputation and to interfere with their personal relationships and employment opportunities in that Defendants harbored ill-will toward Plaintiff.

32.     The aforesaid these deceitful and fraudulent representations have harmed Plaintiff's reputation; such statements have a tendency to injure and have injured Plaintiff in their personal and professional relationships, occupation, their future business and employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm they have suffered, all to Plaintiff's general and actual and specific damages, including compensatory, speculative, exemplary, treble and punitive damages, as well as tortious interference with prospective relations, in an amount which far exceeds the jurisdictional minimum of this Court, and which will be proven at trial.

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS AND DOES 1-50
### (Intentional Infliction of Emotional Distress)

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32, above, as though fully set forth herein.

- 4 -
COMPLAINT

EXHIBIT 1 - PAGE 11

34.     Defendants intended to and inflicted emotional distress onto Plaintiff, specifically they made his life a living hell during and since the false arrest and harassment -- and in some ways, will never be over.

35.     Because this intentional infliction of emotional distress was clearly aimed at Plaintiff, its protracted and incalculable harm is reasonable tied to Plaintiff.

36.     Defendants inscribed emotional pain onto Plaintiff by design with malice and with the intent to injure Plaintiff s life and to interfere with their personal relationships and employment opportunities in that Defendants harbored ill-will toward Plaintiff.

37.     The aforesaid intentional infliction of emotional distress has harmed Plaintiff's life; such suffering has a tendency to injure and has injured Plaintiff in their personal and professional relationships, occupation, their future business and employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm they have suffered, all to Plaintiff's general and actual and specific damages, including compensatory, speculative, exemplary, treble and punitive damages, as well as tortious interference with prospective relations, in an amount which far exceeds the jurisdictional minimum of this Court, and which will be proven at trial.

### FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS AND DOES 1-50
### (Intentional Interference Torts with Prospective Economic Advantage)

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, above, as though fully set forth herein.

39.     Defendants intentionally interfered torts with prospective contracts, documents, such as life insurance and estate policies as well as Plaintiff's prospective real estate business and scholarly employment, insofar as by ruining his social life, that is, this false arrest and harassment took away from him the benefit of the doubt that most innocent people enjoy in our society. These harmful tactics, in turn, led to the total destruction of any business or financial prospects for Plaintiff until the present.

40.     Because this interference torts with prospective economic advantage was clearly aimed at Plaintiff, its protracted and incalculable harm is reasonable tied to Plaintiff.

41.     Defendants interfered torts with Plaintiff's prospective economic advantage with malice and with the intent to injure Plaintiff's life and to interfere with their personal relationships and employment opportunities in that Defendants harbored ill-will toward Plaintiff.

42.     The aforesaid interference torts with prospective economic advantage has harmed Plaintiff's life; such suffering has a tendency to injure and has injured Plaintiff in their personal and professional relationships, occupation, their future business and employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm they have suffered, all to Plaintiff's general and actual and specific damages, including compensatory, speculative, exemplary, treble and punitive damages, as well as tortious interference with prospective relations, in an amount which far exceeds the jurisdictional minimum of this Court, and which will be proven at trial.

### SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS AND DOES 1-50
### (Tortious Interference with Prospective Clients)

43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, above, as though fully set forth herein.

- 5 -
COMPLAINT

EXHIBIT 1 - PAGE 12

44.     Defendants tortious interfered with prospective clients, in particular in regard to Plaintiff's prospective real estate business (with various serious clients looking to purchase and sell properties in Los Angeles and Lake Arrowhead) and scholarly employment, insofar as by ruining his social life, that is, that is, this false arrest and harassment took away from him the benefit of the doubt that most innocent people enjoy in our society. These harmful tactics, in turn, led to the total destruction of any business or financial prospects for Plaintiff until the present.

45.     Because this tortious interference with prospective clients was clearly aimed at Plaintiff, its protracted and incalculable harm is reasonable tied to Plaintiff.

46.     Defendants tortious interfered with Plaintiff's prospective clients with malice and with the intent to injure Plaintiff's life and to interfere with their personal relationships and employment opportunities in that Defendants harbored ill-will toward Plaintiff.

47.     The aforesaid interference torts with prospective economic advantage has harmed Plaintiff's life; such suffering has a tendency to injure and has injured Plaintiff in their personal and professional relationships, occupation, their future business and employment prospects have been severely harmed, Plaintiff has had to incur substantial expense, in order to redress the harm they have suffered, all to Plaintiff's general and actual and specific damages, including compensatory, speculative, exemplary, treble and punitive damages, as well as tortious interference with prospective relations, in an amount which far exceeds the jurisdictional minimum of this Court, and which will be proven at trial.

## PRAYER FOR RELIEF

PLAINTIFF prays for relief as follows:

1) For economic damages, to be proven at trial;
2) For general and compensatory damages, to be proven at trial;
3) For exemplary and punitive damages to be proven at trial;
4) For costs of suit herein incurred;
5) For interest on all sums awarded at the maximum allowable rate;
6) For such other and further relief as the Court may deem just and proper.

Dated_____          _____

DR. STEWART LUCAS MURREY
PLAINTIFF IN PRO PER

- 6 -
COMPLAINT

**EXHIBIT 1 - PAGE 13**