UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings (In Chambers):**   **Order GRANTING IN PART AND DENYING IN PART Plaintiff's Motion to Compel (Docket Entry Nos. 26, 27, 32)**

On February 6, 2020, Plaintiff filed a Motion to Compel Defendants to Respond to Written Discovery and Produce Documents and Motion for Monetary Sanctions ("Motion to Compel"), together with a Declaration in support of the Motion ("Murray Decl."). (Dkt. Nos. 26, 27). On February 13, 2020, Defendants filed an Opposition to the Motion to Compel. (Dkt. No. 32). The Court finds this discovery dispute appropriate for resolution without a hearing.[1] For the reasons discussed below, the Motion to Compel is **GRANTED IN PART**.

**A.    Background**

On October 31, 2018, Plaintiff initiated this lawsuit in Los Angeles County Superior Court, asserting claims for, *inter alia*, false imprisonment and civil conspiracy. (Dkt. No. 1-1). Plaintiff filed his First Amended Complaint ("FAC") on February 20, 2019. (Dkt. No. 1-3). Plaintiff alleges that on March 28, 2018, Defendants falsely arrested him on charges of homicide and forgery, although there was no evidence to indicate that either crime had occurred. (FAC ¶¶ 15–17, 28). On April 3, 2019, Defendants removed the case to this Court. (Dkt. No. 1). On February 12, 2020, the Court denied Plaintiff's request to file a second amended complaint. (Dkt. No. 30).

---

[1] On February 13, 2020, the Court took this matter under submission and vacated the March 5, 2020 hearing. (Dkt. No. 31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

**B.    Motion to Compel**

In March 2019, Plaintiff served Defendants with requests for admissions, interrogatories, and requests for production. (Motion to Compel at 1). After this case was removed to federal court, Plaintiff served his requests again on August 12, 2019. (Id. at 2; Opp'n at 1). Defendants responded to the requests on September 30, 2019. (Opp'n at 1). In October and November 2019, Plaintiff served Defendants with written objections to Defendants' discovery responses. (Id.). Thereafter, on December 19, 2019, the parties met and conferred, but they disagree on what agreements were reached. (Id.; Motion to Compel at 2). Plaintiff's Motion to Compel followed, seeking to compel further responses to his discovery requests, along with sanctions for Defendants' "failure to cooperate." (Motion to Compel at 7–9).

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, information "need not be admissible in evidence to be discoverable." Id. Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); see Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). However, under amended Rule 26(b), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." Mfg. Automation & Software Sys., Inc. v. Hughes, No. CV 16-8962, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

Motions to compel are governed by Rule 37, which allows a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Rule 33 allows a party to serve written interrogatories on any other party "relate[d] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

33(a)(2). Rule 34 provides that a party may serve on any other party a request to produce documents or electronically stored information within the party's possession, custody, or control that is otherwise within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." United States v. McGraw-Hill Companies, Inc., No. CV 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Further, district courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted).

C.   **Discussion**

   1.   **Local Rule 37**

Local Rule 37-1 requires that, prior to the filing of any motion relating to discovery, a moving party must send a letter to opposing counsel requesting to meet and confer. The letter must identify (1) each issue or discovery request in dispute, (2) briefly state with respect to each issue or request the moving party's position, (3) provide any legal authority which the moving party believes is dispositive of the dispute, and (4) specify the terms of the discovery order to be sought. C.D. Cal. L.R. 37-1. The conference must take place within ten days after the moving party sends the letter requesting the conference. Id. If both counsel are located within the same county of the Central District, which is the case here, the conference of counsel must take place in person. Id. If the parties are unable to resolve all of their differences, they must present their dispute to the Court in a Joint Stipulation pursuant to Local Rule 37-2.

Plaintiff sent his Local Rule 37 letters to Defendants in late October 2019. (Motion to Compel at 2; Opp'n at 1). Plaintiff contends that Defendants' "continued refusal to put in writing their reasons for not responding [to Plaintiff's] meet-and-confer letters was a sign of bad faith." (Motion to Compel at 2). But Local Rule 37 does *not* require the opposing party to respond in writing. Instead, the local rules merely require "counsel for the opposing party [to] confer with . . . the moving party within ten (10) days after the moving party serves a letter requesting such conference," C.D. Cal. L.R. 37-1, which Defendants' counsel attempted to do. (Opp'n at 1). Further, Plaintiff failed to file his motion as a joint stipulation despite multiple attempts by Defendants' counsel to provide Plaintiff with Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

portion of the joint stipulation. (Id. at 3–4). Indeed, on January 24, 2020, Defendants sent "three joint stipulations to Plaintiff with the Preliminary Statement and Argument portions filled out, the List of Disputed Discovery Requests amended to accurately reflect the respective responses of each Defendant, and formatting adjusted so that text lines match the numbered lines." (Id. at 3 & Exs. E–G). Subsequently, on January 29, 2020, after Plaintiff requested all declarations and exhibits for the joint stipulations, Defendants returned the requested information within 30 minutes. (Opp'n at 3 & Ex. D). No other requests were made to Defendants prior to Plaintiff filing his Motion to Compel. (Opp'n at 3–4). Plaintiff contends that his Motion was necessary because ("[Defendants'] response and summary of [the] in-person meeting as described by [Defendants' counsel] in his subsequent letter . . . in no way reflects that to which Plaintiff agreed, nor what occurred precisely during [the] in-person meeting." (Motion to Compel at 2). Nevertheless, Plaintiff should have raised this issue in his portion of the joint stipulation, not by filing the Motion.

Because Plaintiff's Motion is clearly related to discovery, it should have been made as a joint stipulation following a good faith effort by the parties to settle the dispute, see L.R. 37 (requiring any motion related to discovery pursuant to Rules 26–37 to be made by a joint stipulation), or in accordance with the Court's informal discovery dispute resolution process. See Judge Sagar's procedures. Nevertheless, the Court, in its discretion, will rule on the instant dispute based upon the parties' papers. In the future, all discovery-related motions shall follow the requirements of Local Rule 37 or the Court's informal discovery dispute resolution process.

    2.    **Requests for Admission**

Plaintiff seeks to compel Defendants to respond to certain requests for admission as described in his meet-and-confer letter dated October 28, 2019. (Motion to Compel at 4; Opp'n at 1 & Ex. G ("McAleer Decl.") at Ex. 1). In response to each of these requests, Defendants responded, "After a reasonable inquiry, the information Responding Party knows or can readily obtain is insufficient to enable Responding Party to admit or deny the Request." (Opp'n at 4–6). Defendants' responses are improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

A party may serve on any other party "a written request, to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981). If a responding party does not admit a request for admission, the party's "answer must specifically deny it or state *in detail* why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4) (emphasis added). Prior to responding to a request for admission, the answering party must make a "reasonable inquiry" to determine whether "information 'readily obtainable' is sufficient to enable him to admit or deny the matter." Asea, 669 F.2d at 1247. "Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." Concerned Citizens of Belle Haven v. Belle Haven Club, 223 F.R.D. 39, 44 (D. Conn. 2004) (citation omitted). However, a "reasonable inquiry is limited to persons and documents within the responding party's control, such as its employees, partners, and corporate affiliates; it does not require the responding party to interview or subpoena records from third parties or force it to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge." Unicolors, Inc. v. Kohl's Dep't Stores, Inc., No. CV 17-4073, 2018 WL 5274584, at *7 (C.D. Cal. Mar. 6, 2018) (citation omitted). Nevertheless, "a party cannot refuse to admit or deny a request for admission based on lack of personal knowledge if the information is reasonably available to the party." Essex Builders Grp., Inc. v. Amerisure Ins. Co., 230 F.R.D. 682, 687 (M.D. Fla. 2005) (citing Asea, 669 F.2d at 1245); accord Unicolors, 2018 WL 5274584, at *8; see 8B Fed. Prac. & Proc. Civ. § 2262 (3d ed.) (The answering party "cannot object that it lacks personal knowledge of the matter so long as the information is obtainable on reasonable inquiry.").

An answer to a request for admission does not comply with Rule 36 "merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him." Asea, 669 F.2d at 1246. Instead, if a party does not know whether the matter it is asked to admit is true, "it may reply that it cannot truthfully admit or deny the matter, but if it makes this response it is required to set forth in detail the reasons why this is so." 8B Fed. Prac. & Proc. Civ. § 2261 (3d ed.) (footnote omitted); see Asea, 669 F.2d at 1245 (responding party must "set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

matter"). "[A] response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." Asea, 669 F.2d at 1245.

Here, Defendants' answer to each of the disputed requests is mere boilerplate recitation of Rule 36. The responses, however, do not *detail* the investigations and inquiries made *before* determining that Defendants lack readily available information to either admit or deny the requests. See Unicolors, 2018 WL 5274584, at *8 (response "was not sufficiently detailed as to the reasons *why* [the responding party] could not fully deny the matter therein") (emphasis in original). While the Court, in its discretion, could deem the matters admitted, it will allow Defendants to amend their answers. See Asea, 669 F.2d at 1247 ("the district court should ordinarily first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed").

Plaintiff's motion to compel further responses to the requests for admission described in Plaintiff's October 2019 meet-and-confer letter is **GRANTED**. In amending their responses, Defendants shall conduct a reasonable inquiry to determine whether readily available information is sufficient to enable them to admit or deny the matter. If, after a reasonable inquiry, the information necessary to admit or deny is not readily obtainable, Defendants shall set forth in *detail* why the information is insufficient to admit or deny the requests.

### 3. Interrogatories

Plaintiff seeks to compel Defendants to supplement their responses to Interrogatories 2, 4, 7, 9, 12, 16, 19 and 20, as described in his meet-and-confer letter dated November 30, 2019. (Motion to Compel at 4; Opp'n at 1; Murrey Decl. Ex. E). For most of the disputed interrogatories, however, Plaintiff has failed to demonstrate that he is seeking relevant information. See McGraw-Hill, 2014 WL 1647385, at *8 ("Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance."). For example, Plaintiff has not adequately demonstrated why he needs each Defendant's age, date of birth, place of birth, and the exact name appearing on the birth certificate, as requested in Interrogatory No. 2. (Opp'n at 6; see Murrey Decl. Ex. E). His mere speculation that an officer who is from Oklahoma would be biased in favor of the alleged victim and her mother (Murrey Decl. Ex. E) is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

grossly insufficient to demonstrate relevance. The Court finds that each Defendant's name and age at the time of the incident, as Defendants have agreed to provide (Opp'n at 21), is sufficient.

Similarly, Plaintiff has not established why he needs the name, address, and telephone number of every employer of each Defendant for the past ten years, as requested in Interrogatory No. 4. (Opp'n at 8; Murrey Decl. Ex. E). Contrary to Plaintiff's assertion, Defendants' prior assignments have no relevance to whether they had probable cause to arrest Plaintiff. (Murrey Decl. Ex. E.). In any event, Defendants have agreed to provide each Defendant's date of hire by the Los Angeles Police Department (LAPD) and their current and prior assignments within the LAPD for the past ten years (Opp'n at 9, 21–22), which the Court finds is sufficient. Further, Plaintiff has not demonstrated that any possible relevance for seeking Defendants' social media accounts, as requested in Interrogatory No. 9 (Murrey Decl. Ex. E) overrides the confidentiality, privacy, and security concerns with providing them. It is mere speculation by Plaintiff that Defendants' social media accounts will establish that they defamed him. (Id.).

Interrogatory No. 19 requests: "IDENTIFY and provide any and all details as to the meaning of the police card and the writing on it, specifically in regard to the police officers named and identified hereto attached. as Exhibit 'A.'" (Murrey Decl. Ex. E). Defendants objected, arguing that "[t]he Interrogatory is overbroad, vague, ambiguous, lacks foundation, calls for speculation and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence." (Id.). The Court agrees. Plaintiff contends that the request seeks "the identities of the officers and the incident report at a minimum." (Id.). But that is not what the Interrogatory states. Plaintiff should reframe his request to clearly state the information he seeks.[2]

---

[2] It is not clear why Plaintiff seeks a supplemental response to Interrogatory Nos. 7, 12, and 16. Interrogatory No. 7 asked whether each Defendant had a "meeting of the minds" with any other Defendant "in regard to arrest and or investigation of Plaintiff." (Opp'n at 9–10; Murrey Decl. Ex. E). Although properly objecting to the phrase "meeting of the minds" as vague and ambiguous, each Defendant responded, "No." (Opp'n at 9–10). When an objection to a discovery request also includes an answer, the objection is generally deemed waived. MarketLinx, Inc. v. Indus. Access Inc., No. CV12-3496, 2013 WL 12133884, at *2 (C.D. Cal. Jan. 2, 2013); Dealertrack, Inc. v. Huber, No. CV 06-2335 AG (FMOX), 2008 WL 11336793, at *2 (C.D. Cal. Jan. 23, 2008). Interrogatory No. 12 seeks information on an officer named "Angel," and their communications with him, which Defendants provided. (Opp'n at 11–12; Murrey Decl. Ex. E). Interrogatory No. 16 inquired

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

  Defendants' response to Interrogatory No. 20, however, is improper. Interrogatory No. 20 requests: "Were and or are the police officers named and identified on Exhibit 'A' involved in any way with the police investigation of plaintiff and passing of Sherrie Martinez?" (Murrey Decl. Ex. E). Defendants objected and summarily responded "Not to Responding Party's knowledge." (Id.). The federal civil rules provide for serving written interrogatories upon a party that relate to any matters that can be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must respond "fully" and any objections "stated with specificity." Fed. R. Civ. P. 33(b)(3)–(4). While "a responding party is not required to conduct extensive research in order to answer an interrogatory, . . . a reasonable effort to respond must be made." Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (citation omitted). Indeed, "[a] party has an *obligation* to conduct a reasonable inquiry into the factual basis of its discovery responses." Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 680 (C.D. Cal. 2009) (emphasis added); see Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir. 1988), aff'd, 900 F.2d 388 (1st Cir. 1990) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by filing misleading or evasive responses, or by failing to examine records within its control."); 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("interrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry"). Thus, in answering interrogatories, "a party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit." 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.); see Thomas v. Cate, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010), order clarified, No. 05 CV 1198, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) ("Rule 33 imposes a duty on the responding party to secure all information *available* to it.") (emphasis in original). "Neither can a party refuse to respond to an interrogatory requesting factual information because that information is known only to its attorney." Oklahoma v. Tyson Foods, Inc., 262 F.R.D. 617, 629 (N.D. Okla. 2009); see Hickman v. Taylor, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his

---

whether "any police examine[d] the questioned document." (Id. at 12–13). Again, while properly objecting to this request as vague, ambiguous and uncertain, each Defendant answered, "Yes." (Id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

attorney."); 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("A party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party.").

Here, Defendants conclusory response to Interrogatory No. 20 is insufficient. Defendants and their counsel are expected to perform a reasonable inquiry to respond fully and conscientiously to this interrogatory.

Plaintiff's motion to compel further responses to Interrogatory Nos. 2, 4, 7, 9, 12, 16 and 19 is **DENIED**. Plaintiff's motion to compel further responses to Interrogatory No. 20 is **GRANTED**. In supplementing their responses to Interrogatory No. 20, Defendants shall conduct a reasonable inquiry before determining whether they each have the knowledge to respond. If, after making a diligent inquiry, Defendants still lack the knowledge to respond to Interrogatory No. 20, they shall *detail* the investigations performed.

### 4. Document Requests

Plaintiff seeks to compel Defendants to supplement their responses to Request for Production Nos. 6, 23 and 24. (Murrey Decl. Ex. E). Request No. 6 seeks documents that "suggest [each Defendant] acted individually and in isolation (and therefore show that there was never a 'meeting of the minds') in regard to plaintiff, his arrest, the taking of his notarized legal documents into police custody and in regard to the passing of his significant other Sherrie Martinez." Defendants properly objected that the phrase "acted individually and in isolation" is "vague, ambiguous and unintelligible." (Id.). Nevertheless, Defendants agreed to produce all responsive documents based on their interpretation of the request. (Id.). Indeed, Plaintiff contends that the document produced "prove that there was no determination that a forgery had been committed . . . [and] that an intentional disregard for plaintiff s constitutional rights was committed." (Id.). Plaintiff's argument that "this suggests that further, undisclosed documents exist" (id.) (emphasis omitted), is mere speculation and without any merit.

Requests Nos. 23 and 24 seek internal affairs investigations and citizen complaints regarding each Defendant. (Murrey Decl. Ex. E). Defendants have agreed to produce "any civilian or internal affairs complaints made with[in] the five years preceding the incident that allege fraudulent conduct, the making of misrepresentations, and false arrest pursuant to a protective order." (Opp'n at 23–24). Unless and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 19-2501 FMO (AS) | Date | February 21, 2020 |
|---|---|---|---|
| Title | *Stewart Lucas Murrey v. City of Los Angeles, et al.* | | |

until Plaintiff identifies any *evidence* suggesting that the scope of Defendants' responses should be enlarged, the Court finds Defendants' responses to be sufficient.

Plaintiff's motion to compel further responses to Request for Production Nos. 6, 23 and 24 is **DENIED**. The parties shall promptly meet and confer and submit a proposed protective order for the Court's consideration.[3]

**5. Sanctions**

Plaintiff's request for sanctions is **DENIED**.

**D. Conclusion**

Defendants' Motion to Compel Defendants to Respond to Written Discovery and Produce Documents and Motion for Monetary Sanctions [26] is **GRANTED IN PART AND DENIED IN PART**. Defendants shall supplement their discovery responses, as described above, within 30 days of the date of this Order.

The parties may avail themselves of the Court's informal discovery dispute resolution process to resolve any remaining discovery issues. (See Judge Sagar's Procedures).

IT IS SO ORDERED.

cc: Fernando M. Olguin
United States District Judge

00 : 00
Initials of Preparer   AF

---

[3] See Judge Sagar's procedures (providing guidelines for submitting stipulated protective orders, along with a sample order).